■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v OWEN SUTTON, Appellant. [738 NYS2d 350] —Judgment, Supreme Court, New York County (Arlene Silverman, J., at suppression hearing; John Bradley, J., at plea and sentence), rendered October 18, 1999, convicting defendant of criminal possession of stolen property in the fourth degree, and sentencing him, as a second felony offender, to a term of 1½ to 3 years, unanimously affirmed.

Defendant's suppression motion was properly denied. The only issue raised on appeal is whether the automobile stop, which ultimately led to the recovery of stolen property, was based on reasonable suspicion. In a face-to-face encounter at 3:00 A.M., an unnamed informant told the police that a particularly described individual was "casing" bars for a possible robbery. The informant stated that his suspicions were based on his continuous observation of this person entering and leaving two bars within minutes of each other without talking to anyone inside the bars or ordering anything. The informant further stated that in each instance the man left and rejoined two companions who sat in a car that was successively double-parked outside each of the bars. It is significant that defendant's behavior was so suspicious that even a civilian recognized it as "casing" and deemed it necessary to notify the police. When the officers continued on the same avenue, they found a car that matched the informant's description double-parked in front of another bar with two men sitting inside and a third man, who also met the informant's description, leaving the area of the bar and entering the car. Since the officers' observations closely conformed with the account previously given by the informant, the officers had reasonable suspicion to stop the car on grounds that a crime had been, was being, or was about to be committed (*see*, *People v Soto*, 266 AD2d 74, *lv denied* 94 NY2d 925; *People v Cartagena*, 189

AD2d 67, 70, *lv denied* 81 NY2d 1012). On approaching the car, one of the officers saw defendant throw a credit card to the floor of the car. Concur—Saxe, J.P., Rosenberger, Ellerin, Wallach and Marlow, JJ.